No. 23-155 – *State of West Virginia ex rel. State of West Virginia v. The Honorable Paul W. Gwaltney, Jr., Judge of the Circuit Court of Monongalia County, West Virginia; J.L. and D.F.*

**FILED**

**May 3, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WOOTON, Justice, concurring, in part, and dissenting, in part:

The issue presented in this case was very straightforward: Did the circuit court have authority to dismiss an indictment returned by a grand jury charging the respondent parents, J.L. and D.F., with crimes relating to abuse and neglect of their children based solely on legal arguments made during a prior preliminary hearing and evidence presented during the abuse and neglect proceeding that preceded the criminal case. Based on these facts and circumstances, the majority correctly finds that the circuit court lacked the authority to dismiss the indictment and grants the State relief in prohibition, and I concur in its judgment. However, the majority takes a step too far by elevating a sentence from a footnote in *State v. Finley*, ___ W. Va. ___, ___ S.E.2d ___, 2023 WL 6804936 (W. Va. Oct. 15, 2023), into syllabus point three: "A circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists." For these reasons, I respectfully dissent from the statement of law articulated in the syllabus point.

The launching point for the majority's new syllabus point is found in footnote eight of *Finley*, wherein the majority stated:

1

"We use the plain error doctrine "sparingly and only in those circumstances where substantial rights are affected, or the truth-finding process is substantially impaired, or a miscarriage of justice would otherwise result." Syl. pt. 4, in part, *State v. England*, 180 W. Va. 342, 376 S.E.2d 548 (1988). However, this case arises from a conditional plea based upon the circuit court's denial of Mr. Finley's motion to dismiss a count of the indictment. *A circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists. See W. Va. R. Crim. P. 12(b)(1) (regarding pretrial motions).* Therefore, we review Mr. Finley's conviction for plain error based on the factual basis for his plea rather than reviewing the circuit court's order denying Mr. Finley's motion to dismiss, which could not raise such factual issues. However, this case arises from a conditional plea based upon the circuit court's denial of Mr. Finley's motion to dismiss a count of the indictment. A circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists. *See* W. Va. R. Crim. P. 12(b)(1) (regarding pretrial motions)."

*Finley*, 2023 WL 6804936, at *3 n.8 (emphasis added). Notably, with the exception of a citation to West Virginia Rule of Evidence 12(b)(1), neither *Finley* nor the instant case contains any statutory or case law to support that broad statement. Moreover, not even West Virginia Rule of Criminal Procedure 12(b)(1) supports the majority's sweeping premise, as the rule simply provides, in pertinent part, that "[a]ny defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial . .. (1) Defenses and objections based on defects in the institution of the prosecution . . . ." *Id.*

2

Fundamentally, as indicated *supra*, the majority's new point of law fails to address what actually transpired here: the circuit court relied on evidence wholly outside the face of the indictment to support its dismissal of the indictment. Instead, the majority has crafted a very broad point of law that not only allows but requires a repeat of what occurred in *Finley*: allowing a pure legal challenge to an indictment to be characterized as a factual one that will ultimately force the State and defendants to go through a meaningless jury trial – meaningless because the facts alleged in the indictment do not constitute a violation of the crime alleged therein, whether or not the State proves those facts beyond a reasonable doubt.

In *Finley*, the indictment charged the defendant with the crime of possession of altered pseudoephedrine, a substance used in making methamphetamine, despite the fact that he was alleged to be in possession of completed methamphetamine only. *See* 2023 WL 6804936, at *2. The defendant filed a motion to dismiss the indictment on the basis that "there is no evidence that Mr. Finley knowingly possessed pseudoephedrine or another designated precursor with the intent to use it in the manufacture of methamphetamine[;]" the circuit court denied the motion. *Id.* Thereafter, the defendant entered into a conditional plea agreement wherein he pleaded no contest to attempt to commit possession of

pseudoephedrine in an altered state but reserved the right to appeal the denial of the motion to dismiss.[1]  *Id.* at *2

Applying the majority's new syllabus point – which, it will be recalled, was only in a footnote at that point – this Court determined in *Finley* that the circuit court was precluded from granting the defendant's motion to dismiss the indictment because, in the Court's view, whether the facts alleged in an indictment constitute the crime alleged in the indictment is a factual dispute, not a legal one.  Now that the *Finley* footnote has been elevated into a syllabus point, it can, and I fear will be used to force a trial in cases simply because the indictment is legally sufficient on its face, regardless of whether the actual facts support the crime for which a defendant was indicted.

Not only is this result unfair to both the State and the defendant, it is a complete waste of judicial resources.

---

[1]Instead of resolving the precise issue before it, determining that the circuit court erred as a matter of law in not granting the defendant's motion to dismiss, the majority decided *Finley* by finding plain error and determining that there was no factual basis for the entry of a conditional plea to attempt to commit the altered precursor felony in the first instance.  *See* 2023 WL 6804936, at *4.

For all the foregoing reasons, I respectfully concur, in part, and dissent, in part.